1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

8

| | |
|---|---|
| CHELSEA RUTTER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>BRIGHT HORIZONS FAMILY SOLUTIONS, INC. d/b/a BRIGHT HORIZONS CHILDREN'S CENTERS, INC.,<br><br>                    Defendant. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>DIVERSITY OF CITIZENSHIP; CAFA<br><br>28 U.S.C. §§ 1332, 1441, 1446(c) |

9
10
11
12
13
14
15

16    TO:              Clerk of the Court;

17    AND TO:     Chelsea Rutter, Plaintiff;

18    AND TO:     Beth E. Terrell, Toby J. Marshall, Elizabeth A. Adams of Terrell Marshall
19                       Law Group PLLC; and

20                       David Seligman, Juno Turner, Valerie Collins of Towards Justice,
                          Plaintiff's attorneys of record.

21
22    PLEASE TAKE NOTICE that Defendant Bright Horizons Children's Center, LLC[1]

23    ("Bright Horizons" or "Defendant"), by this Notice, now affects the removal of the state action

24    (Cause No. 22-2-19810-9 SEA, filed on December 1, 2022 and served on January 30, 2023)

---

[1] Plaintiff incorrectly identifies Bright Horizons Family Solutions, Inc. as Plaintiff's employer. Plaintiff was employed by the business entity, Bright Horizons Children's Center, LLC not its parent company, Bright Horizons Family Solutions, Inc. Plaintiff also mischaracterizes Bright Horizons Children's Centers as a corporation, but is organized as a limited liability company.

25
26

NOTICE OF REMOVAL TO FEDERAL COURT - 1

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    described below from the Superior Court of the State of Washington in and for the County of King

2    to the United States District Court for the Western District of Washington at Seattle.  This removal

3    is based upon complete diversity of citizenship of the parties, *see* 28 U.S.C. §§ 1332(a), 1441, or

4    alternatively under CAFA, *see* 28 U.S.C. §§ 1332, 1441, and is timely under 28 U.S.C. § 1446.

5           In support of its Notice of Removal, Defendant provides the following information:

6    <u>**JURISDICTION**</u>

7           1.     This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331(a),

8    and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C.

9    § 1441(a).  Bright Horizons is the only Defendant, is represented by the undersigned counsel, and

10   consents to removal.  As set forth below, this case meets all of the requirements for removal and

11   is timely and properly removed by the filing of this Notice.

12          2.     Alternatively, this Court has jurisdiction over this action pursuant to the Class

13   Action Fairness Act of 2005 ("CAFA") which vests the United States district courts with original

14   jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred

15   members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any

16   defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000,

17   exclusive of interest and costs. See 28 U.S.C. §1332(d). CAFA authorizes removal of such actions

18   in accordance with United States Code, title 28, section 1446. As set forth below, this case meets

19   all CAFA's requirements for removal and is timely and properly removed by the filing of this

20   Notice.

21   <u>**PLEADINGS**</u>

22          3.     On December 1, 2022, Plaintiff initiated a civil action in King County Superior

23   Court by filing a copy of the Summons and Complaint with that Court.  A true and correct copy

24   of the Complaint ("Complaint") is attached as **Exhibit 1**.  A true and correct copy of the Summons

25   is attached as **Exhibit 2**. A true and correct copy of the Case Information Cover Sheet and Area

26

NOTICE OF REMOVAL TO FEDERAL COURT - 2

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    Designation is attached as **Exhibit 3**.  A true and correct copy of the Order Setting Civil Case

2    Schedule is attached as **Exhibit 4**.

3         4.    On January 30, 2023, Plaintiff first effected service of the Summons and Complaint

4    in this action on Defendant Bright Horizons through its registered agent for service of process in

5    the State of Washington, CT Corporation. A true and correct copy of the Notice of Service of

6    Process is attached as **Exhibit 5**.

7         5.    Defendant appeared through its counsel in the action in King County Superior

8    Court on February 10, 2023.  A true and correct copy of Defense Counsel's Notice of Appearance

9    is attached as **Exhibit 6**.

10        6.    By signing this Notice of Removal, Defense Counsel verifies that the above-

11   described items attached hereto are true and complete copies of the records and proceedings that

12   Defendant has received in the state court proceeding.

13                         <u>**DIVERSITY OF CITIZENSHIP**</u>

14        7.    Bright Horizons is a citizen of the state of Delaware and the Commonwealth of

15   Massachusetts, and not the State of Washington.  At the time this action was commenced (and

16   continuing to today), Bright Horizons is a citizen of the state of Delaware and the Commonwealth

17   of Massachusetts because its members are citizens of those states. *Johnson v. Columbia Properties*

18   *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its

19   owners/members are citizens"). Bright Horizons is wholly owned by its one sole member Bright

20   Horizons LLC, a citizen of Delaware. Bright Horizons LLC is a citizen of Delaware because it is

21   wholly owned by its one sole member Bright Horizons Family Solutions LLC, a citizen of

22   Delaware. Bright Horizons Family Solutions LLC is a citizen of Delaware and the Commonwealth

23   of Massachusetts because it is wholly owned by its one sole member Bright Horizons Capital Corp,

24   a corporation who is incorporated in Delaware and whose principal place of business under the

25   "nerve center" test is the Commonwealth of Massachusetts where its headquarters is located. *See*

26

NOTICE OF REMOVAL TO FEDERAL COURT - 3

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1     *Hertz Corp. v. Friend*, 599 U.S. 77, 80–81 (2010) (a corporation's principal place of business, or

2     "nerve center," will typically be where its headquarters is located).

3          8.      At the time this action was commenced, and at all times relevant to the allegations

4     set forth in the Complaint, Plaintiff Chelsea Rutter was a citizen of the State of Washington. *See*

5     Complaint, ¶ 9. Putative class members, as defined in the Complaint, similarly resided in the State

6     of Washington for purposes of jurisdiction. *See* Complaint, ¶ 35 ("All staff members who are or

7     were employed by Bright Horizons in Washington at any time on or after June 30, 2019.")

8                                       **CAFA JURISDICTION**

9          9.      CAFA grants United States district courts original jurisdiction over: (a) civil class

10    action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least

11    100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different

12    from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000,

13    exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions

14    in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement

15    for removal, and is timely and properly removed by the filing of this Notice of Removal.

16          10.     28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any

17    class action where "the number of members of all proposed plaintiff classes in the aggregate is less

18    than 100." As pled, "the proposed class includes more than 100 members. There are approximately

19    thirty Bright Horizons childcare centers in Washington and each center employs between 15 and

20    30 staff members who are covered by the noncompetition covenant". Complaint, ¶ 35.

21          11.     Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where

22    "primary defendants are States, State officials, or other governmental entities against whom the

23    district court may be foreclosed from ordering relief." Defendant is a corporation, not a state, state

24    official, or other governmental entity exempt from CAFA.

25          12.     CAFA's minimal diversity requirement is satisfied, inter alia, when "any member

26    of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§

NOTICE OF REMOVAL TO FEDERAL COURT - 4

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. Snyder v. Harris, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. See *Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states. Bright Horizons is a citizen of Delaware and Massachusetts. Plaintiff Chelsea Rutter was a citizen of the State of Washington. Complaint, ¶ 9.

## AMOUNT IN CONTROVERSY

13.     This action is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

14.     Alternatively, this action is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332(d)(2), and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a class action with minimal diversity between citizens of different states and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.

15.     The "plaintiff's complaint" is a court's "first source of reference in determining the amount in controversy." *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what a court or jury might later determine to be the actual amount of damages, if any. *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal") (citing *Sparta Surgical*

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1  *Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998)); *see also St. Paul*

2  *Mercury*, 303 U.S. at 291 ("the status of the case as disclosed by the complaint is controlling in

3  the case of a removal"); *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018)

4  (the amount in controversy for purposes of general diversity removal "'encompasses all relief a

5  court may grant on that complaint if the plaintiff is victorious.'").

6      16.    Plaintiff's Complaint alleges "there are approximately thirty Bright Horizons

7  childcare centers in Washington and each center employs between 15 and 30 staff members who

8  are covered by the noncompetition covenant." Complaint, ¶ 35. Plaintiff alleges each is entitled to

9  "actual and compensatory damages in the form, among other things, of the wages she would have

10 earned absent the noncompetition covenant…or a statutory penalty of $5,000, whichever is

11 greater." Complaint, ¶ 48. Plaintiff's Complaint purports to represent current <u>and</u> former

12 employees of approximately 30 Bright Horizons childcare centers in Washington. *See* Complaint,

13 ¶¶ 34-35. Plaintiff claims each of these centers currently employ up to 30 staff members, and

14 further claims that additional prior staff members (including Plaintiff) stretching back to June 30,

15 2019 are covered as well, totaling more than 1,000 putative class members. *See* Complaint, ¶¶ 33,

16 34, 35. Plaintiff further claims that each putative class member is entitled to a statutory penalty of

17 $5,000 at a minimum. *See* Complaint ¶ 48. As pled, each putative class member (more than 1,000)

18 is entitled to a statutory penalty of $5,000 at a minimum, totaling an alleged amount in controversy

19 of at least $5,000,000 for former employee class members exclusive of reasonable attorneys' fees,

20 expenses, and costs incurred in this action.

21      17.    Accordingly, the amount in controversy in this action exceeds the jurisdictional

22 minimum of $75,000 for diversity jurisdiction. Similarly, the amount in controversy in this action

23 exceeds the jurisdictional minimum of $5,000,000 for jurisdiction under CAFA.

24                    **<u>PROCESS AND VENUE</u>**

25      18.    Counsel for Plaintiff first served Bright Horizons with a copy of the Summons and

26 Complaint on January 30, 2023. This Notice of Removal is timely as it is made within 30 days of

NOTICE OF REMOVAL TO FEDERAL COURT - 6

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1   receipt of a copy of the pleading, motion, order or other paper from which it may first be

2   ascertained that the case is one which is or has become removable.  28 U.S.C. § 1446(b).

3       19.     Venue is proper (for purposes of removal) in the Western District of Western

4   Washington at Seattle.  Venue is proper (for purposes of removal) in this District because this is

5   the court for the district encompassing the place where this action is currently pending.  28 U.S.C.

6   § 1441(a).  Venue is proper at Seattle (for purposes of removal) because the cause of action arose,

7   and the action is pending, in King County.  *See* Western District of Washington Local Civil Rule

8   3(d)(2).

9       20.     Written notice of the filing of this Notice of Removal has been given to all parties

10  who have appeared in this action, and a copy of the Notice of Removal has been filed with the

11  Clerk of Court of the Superior Court of the State of Washington, in and for the County of King

12  because Plaintiff commenced this action and filed his Complaint with the Superior Court.

13      WHEREFORE, Defendant respectfully requests that this action now pending in the King

14  County Superior Court, State of Washington, be removed to the United States District Court for

15  the Western District of Washington at Seattle.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

NOTICE OF REMOVAL TO FEDERAL COURT - 7

Littler Mendelson, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1  Dated: February 21, 2023

2                                              s/ Derek Bishop
                                               Derek Bishop, WSBA #39363
3                                              debishop@littler.com

4                                              s/ Rebecca Schach
                                               Rebecca Schach, WSBA #58018
5                                              rschach@littler.com

6
                                               LITTLER MENDELSON, P.C.
7                                              One Union Square
                                               600 University Street, Suite 3200
8                                              Seattle, WA 98101.3122
                                               Telephone:   206.623.3300
9                                              Facsimile:    206.447.6965

10                                             Attorneys for Defendant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL TO FEDERAL COURT - 8

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1

**CERTIFICATE OF SERVICE**

2       I am a resident of the State of Washington. I am over the age of eighteen years and not a

3 party to the within-entitled action. My business address is One Union Square, 600 University

4 Street, Suite 3200, Seattle, Washington 98101.  I hereby certify that on February 21, 2023, I

5 electronically filed the foregoing **NOTICE OF REMOVAL TO FEDERAL COURT** with the

6 Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

7 following:

8 And via Email to the email addresses of the persons set forth below, *as a courtesy copy*.

9 **Attorneys for Plaintiff**

10
11
12
13
14
15
16

| | |
|---|---|
| Beth E. Terrell, WSBA #26759<br>Toby J. Marshall, WSBA #32726<br>Elizabeth A. Adams, WSBA #49715<br>TERRELL MARSHALL LAW GROUP PLLC<br>936 North 34th St., Suite 300<br>Seattle, WA 98103<br>Tel: 206-816-6608<br>Fax: 206-319-5450<br>bterrell@terrellmarshall.com<br>tmarshall@terrellmarshall.com<br>eadams@terrellmarshall.com | David Seligman, pro hac vice pending<br>Juno Turner, pro hac vice pending<br>Valerie Collins, pro hac vice pending<br>TOWARDS JUSTICE<br>P.O. Box 371680<br>PMB44465<br>Denver, CO 80237<br>Tel: 720-441-2236<br>david@towardsjustice.org<br>juno@towardsjustice.org<br>valerie@towardsjustice.org |

17       I certify under penalty of perjury under the laws of the United States and of the State of

18 Washington that the foregoing is true and correct.

19       Executed on February 21, 2023, at Seattle, Washington.

20

21                   /s/ *Colette Pringle-Saunders*

22                   Colette Pringle-Saunders<br>                  cpsaunders@littler.com<br>                  **LITTLER MENDELSON, P.C.**

23 4873-3558-7664.7 / 050113-1085

24

25

26

NOTICE OF REMOVAL TO FEDERAL COURT - 9