The Honorable Judge Tana Lin

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

CHELSEA RUTTER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BRIGHT HORIZONS FAMILY SOLUTIONS, INC. d/b/a BRIGHT HORIZONS CHILDREN'S CENTERS, INC.,

Defendant.

Case No. 2:23-cv-00233-TL

**DEFENDANT'S MOTION TO DISMISS**

**WITHOUT ORAL ARGUMENT**
Noting Date: March 24, 2023

## I.   INTRODUCTION AND RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Bright Horizons Children's Center, LLC (improperly named as Bright Horizons Family Solutions Inc. d/b/a Bright Horizons Children's Centers, Inc.) (hereinafter "Bright Horizons" or "Defendant") moves the Court to dismiss Plaintiff's Class Action Complaint (hereinafter "Complaint"), with prejudice. The Complaint, purportedly brought on behalf of a class of current and former employees of Defendant, asserts that Defendant's agreements with *customers* imposes obligations and requirements on *employees* which contravene Washington law with regard to noncompetition agreements. However, the Complaint makes clear that Plaintiff and the other putative class members are not parties to these agreements and the agreements do not impose any obligation on the Plaintiff or class members. Moreover, there

DEFENDANT'S MOTION TO DISMISS - 1
2:23-CV-00233-TL

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

is no indication that Plaintiff *could* assert any set of facts wherein Defendant's contracts with customers could create a noncompetition agreement that violates either Washington's law on noncompetition covenants or its Consumer Protection Act. As such, Plaintiff's Class Action Complaint should be dismissed with prejudice.

Plaintiff first asserts that Defendant's "contracts with the families who use its childcare" creates a noncompetition covenant between Defendant and Plaintiff. This ignores the plain and unambiguous language of the statute to expand the statute beyond its well defined and reasonable bounds. In the Complaint, Plaintiff fails to assert or allege that she (or the putative class members) have entered into any covenant or contract with Defendant which could be construed as prohibiting competition. Plaintiff also fails to assert or allege that she (or any putative class member) was prohibited or restrained from "engaging in a lawful profession, trade or business of any kind." RCW § 49.62.010. Instead of arguing that she was prohibited from engaging in a lawful profession, Plaintiff speculates that she could have possibly earned more money while working for Defendant. This is insufficient to prove the existence of a noncompetition covenant, and the Court should dismiss this claim.

Plaintiff next asserts that Defendant violated Washington's Consumer Protection Act. She claims Defendant's customer agreement deceives employees, including Plaintiff, because it is "an illegal and void noncompetition covenant that it did not disclose to Plaintiff before she accepted employment." However, as stated above, Plaintiff does not allege facts to establish the customer agreement created a noncompetition covenant, and this is fatal to her claim. Moreover, Plaintiff has not asserted facts to establish that the customer agreement is deceptive or otherwise unfair, nor has she asserted any facts (other than speculation) that she was damaged as a result of any customer agreement. As Plaintiff has not pled facts to establish a cause of action, and the law does not create a violation based on any set of facts which could be pled, the Court should dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

DEFENDANT'S MOTION TO DISMISS - 2
2:23-CV-00233-TL

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

## II.      PROCEDURAL AND FACTUAL BACKGROUND

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the facts alleged in the complaint as true.  As such, the facts detailed here are those presented by the Plaintiff in the Complaint and may or may not be accurate.

Plaintiff Chelsea Rutter alleges that she is a resident of Washington who was employed by Bright Horizons in Washington as a teacher from approximately April 2019 to May 2021.  *See* Complaint at ¶ 9 (ECF 1-2). She alleges that Bright Horizons provides private childcare, backup care, and early childhood education for children at locations throughout the country, including operating approximately 30 childcare centers in the state of Washington. *See* Complaint at ¶ 10 (ECF 1-2). Plaintiff further alleges that Bright Horizons has the capacity to "serve approximately 114,000 children and their families."  *See* Complaint at ¶ 11 (ECF 1-2).

Plaintiff next alleges that Bright Horizons' contract with families (not employees) provides that "if a staff member leaves Bright Horizons' employment to work for [a client family] within six (6) months of his or her departure; [the client family] agree[s] to pay a placement fee of $5,000." *See* Complaint at ¶ 16 (ECF 1-2) ("Placement Fee Provision").[1]  Plaintiff does not allege that she, or any of the putative class members, ever signed or were presented with this agreement or the Placement Fee Provision.  Plaintiff also never alleges that this Placement Fee Provision was ever enforced, or identifies any customer that was aware of or took any actions because of the Placement Fee Provision.

On February 21, 2023, Plaintiff filed a class action complaint against Bright Horizons in King County Superior Court. *See* Complaint (ECF 1-2). In the Complaint, Plaintiff alleges two causes of action related to Bright Horizons contracts with customers (and which she was never a

---

[1] This Placement Fee Provision quoted in the Complaint is a clause in Bright Horizons' standard Enrollment Agreement, a copy of which is included for the Court's convenience as Exhibit A to the Declaration of Derek A. Bishop in Support of Defendant's Motion to Dismiss.  In ruling on a Rule 12(b)(6) motion, a court may not consider any material beyond the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But it may consider certain materials, such as documents incorporated by reference into a complaint, without converting a motion to dismiss into a motion for summary judgment. *Univ. Ins., LLC v. Allstate Ins. Co.*, 564 F. Supp. 3d 934, 938 (W.D. Wash. 2021) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

DEFENDANT'S MOTION TO DISMISS - 3
2:23-CV-00233-TL

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

party to). *Id.* First, she alleges that the Placement Fee Provision creates a noncompetition covenant in violation of Washington's Noncompete statute, Ch. 49.62 RCW. *Id*. Second, she alleges that the Placement Fee Provision was deceptive because it was not disclosed to Plaintiff before she began working for Bright Horizons, even though Plaintiff was never a party to this contract. *Id.*

Defendant timely removed the Complaint to federal court based on diversity or the Class Action Fairness Act. *See* Notice of Removal (ECF 1), and filed this motion thereafter.

### III.    CERTIFICATION OF CONFERRAL

Pursuant to this Court's Standing Order For All Civil Cases Section II (I), counsel for Defendant certifies that it conferred with counsel for Plaintiff regarding this motion, and the issues underlying it via email on February 27, 2023 and via videoconference on February 28, 2023. Although the parties conferred in good faith, they could not resolve the issues in this motion.

### IV.    LEGAL STANDARD

Under Rule 12(b)(6), a complaint must be dismissed where a plaintiff either lacks a "cognizable legal theory" or fails to present sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). Although factual allegations in a complaint are assumed to be true, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory or speculative allegations are insufficient to meet the plaintiff's burden. *Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1035 (9th Cir. 2005). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and the factual allegations "must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. Where amendment would be futile, a plaintiff's claims should be dismissed with prejudice. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). Under this standard,

DEFENDANT'S MOTION TO DISMISS - 4
2:23-CV-00233-TL

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

neither of Plaintiff's claims can survive scrutiny under Rule 12 and all should be dismissed with prejudice.

V. **ARGUMENT**

**A. The Complaint Does Not Contain Facts To Support A Claim For Violation Of Washington's Noncompetition Statute.**

Plaintiff's first claim is that Bright Horizons has violated Washington's Noncompete Statute by creating a noncompetition covenant for her and the other putative class members. *See* Complaint at ¶ 43 (ECF 1-2). However, this claim must fail for several reasons. First, the Complaint does not establish that the Placement Fee Provision creates a covenant between the employer and employee as required by Washington's statute. Second, the Complaint does not that establish that the Placement Fee Provision creates a prohibition or restriction on an employee's ability to work for other employers. If Plaintiff's Complaint fails to meet either of these proofs, it must be dismissed for failure to state a claim for violation of the noncompetition statute.

**1. The Placement Fee Provision As Described In The Complaint Does Not Create A Covenant Between The Employer And Employee.**

Despite Plaintiff's claim to the contrary, the Placement Fee Provision is not a noncompetition covenant outlawed in Ch. 49.60 RCW. On January 1, 2020, Washington enacted a new law prohibiting noncompetition covenants for many employees, including Plaintiff. RCW §§ 49.62.900, 49.62.100. The statute defines a noncompete covenant as a "written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind." RCW § 49.62.010(4). As stated in the Complaint, the Placement Fee Provision is not a "covenant, agreement or contract" between Defendant and its employees or independent contractors, it is instead an agreement with its customers. *See* Complaint at ¶ 16. As Plaintiff has not alleged (and cannot allege) that she (or any of the putative class members) ever entered into a covenant with Bright Horizons that restrained or prohibited her from engaging in a lawful profession as required by the plain and unambiguous language of the statute. See *Dot Foods, Inc. v. Washington Dep't of Revenue*, 215 P.3d 185, 188

DEFENDANT'S MOTION TO DISMISS - 5
2:23-CV-00233-TL

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

(Wash. 2009). Accordingly, Plaintiff's claim that Bright Horizons' violated Washington's noncompetition statute should be dismissed.

### 2. The Plaintiff Has Not Alleged Facts To Show She Was Restrained Or Prohibited From Engaging In A Lawful Profession.

Even if the Placement Fee Provision was a covenant with Plaintiff, the Complaint does not allege that Plaintiff was prohibited from taking any teaching or other early childhood educating position as required by the statute. As outlined above, the Washington noncompetition statute prohibits only those covenants that prohibit or restrain an employee from working in a lawful occupation. The Placement Fee Provision does not do so, and it does not violate the statute.

The Placement Fee Provision does not prohibit Plaintiff or any of the putative class members from taking any action. "Prohibition" is "the act of prohibiting by authority" or an "order to restrain or stop." Prohibition, Merriam-Webster, https://www.merriam-webster.com/dictionary/prohibition (last visited Feb. 23, 2023).[2] To prohibit is "to forbid by authority" or "to prevent from doing something." Prohibit, Merriam-Webster, https://www.merriam-webster.com/dictionary/prohibiting (last visited Feb. 23, 2023). The Placement Fee Provision neither prevents nor forbids Plaintiff from leaving her employment for Defendant to work for a family with a child enrolled at Bright Horizons. *Cf.* Complaint at ¶ 46. To the contrary, the Placement Fee Provision specifically considers the possibility of an employee leaving to work with a customer, and allocates that risk as between the parties. *See* Complaint at ¶ 16. Thus, Plaintiff cannot claim that the Placement Fee Provision prohibited her (or any putative class member) from working in a lawful profession.

Similarly, the Placement Fee Provision does not restrain Plaintiff from working in any lawful profession. "Restraint" is the "act of restraining." Restraint, Merriam-Webster, https://www.merriam-webster.com/dictionary/restraint (last visited Feb. 23, 2023). To restrain is "to limit, restrict, or keep under control" or "to moderate or limit the force, effect, development, or full

---

[2] The statute does not define "prohibit[ion]" or "restrain[t]," so the court can consult the dictionary. *See Univ. Ins., LLC v. Allstate Ins. Co.*, 564 F. Supp. 3d 934, 942 (W.D. Wash. 2021); *State v. Sullivan*, 19 P.3d 1012, 1019 (2001).

DEFENDANT'S MOTION TO DISMISS - 6
2:23-CV-00233-TL

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

exercise of." Restrain, Merriam-Webster, https://www.merriam-webster.com/dictionary/restraining (last visited Feb. 23, 2023). The Complaint does not allege facts to establish that Plaintiff (or putative class members) were limited or restricted from performing any lawful occupation. As the Placement Fee Provision does not restrain Plaintiff from performing any lawful occupation, her claim should fail.

Instead of alleging that she was "prohibited or restrained from engaging in a lawful profession, trade, or business of any kind" as required by Ch. 49.62 RCW, Plaintiff seems to allege that the Placement Fee Provision tended to reduce her bargaining power she received because of the work she performed for Defendant. Complaint at ¶ 46. In doing so, Plaintiff attempts to change the meaning of the statute from ensuring employees can change jobs, to a statute ensuring employees receive maximum bargaining power. Courts must "avoid literal reading of a statute which would result in unlikely, absurd, or strained consequences." *Fraternal Ord. of Eagles, Tenino Aerie No. 564 v. Grand Aerie of Fraternal Ord. of Eagles*, 59 P.3d 655, 663 (Wash. 2002). There are any number of reasons why Plaintiff (or the putative class members) may have less (or more) bargaining power at any given time. For example, an employer may decide to limit the hours it operates, and therefore the hours an employee works. This would tend to reduce a plaintiff's "bargaining power" and yet would not violate the plain language of the noncompetition statute because it did not prevent her from working in a lawful occupation.

In fact, a close reading of the statute clearly demonstrates that it is focused on an employee's ability to work, and not an employee's bargaining power. Specifically, it allows an employer and employee enter into an agreement "that prohibits solicitation by an employee, upon termination of employment: (a) of any employee of the employer to leave the employer; or (b) of any customer of the employer to cease or reduce the extent to which it is doing business with the employer." RCW § 49.62.010(5). Obviously, restricting an employee's ability to be solicited to work elsewhere, or to try to take customers from an employer, would tend to reduce an employee's "bargaining power."

DEFENDANT'S MOTION TO DISMISS - 7
2:23-CV-00233-TL

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

However, those actions are explicitly allowed by the statute. As such, the structure of the statute, along with its text, makes clear that reducing "bargaining power" is not sufficient to violate Ch. 49.62 RCW.

### 3. Courts Across The Country Have Determined That Placement Fees Similar To Those At Issue Here Are Not Restrictive Covenants.

Courts have consistently held that placement fees are not restrictive covenants within an employment contract and permissible to protect business interests. In *H&M Commercial Driver Leasing, Inc. v. Fox Valley Containers, Inc.*, 209 Ill. 2d 52, 57 (2004), the defendant-customer challenged the application of a penalty-fee provision, similar to the Placement Fee Provision, that applied when defendant hired one of the staffing company's employees. It challenged the fee under the theory that it violated public policy because the fee restricted a third party (the affected employee) without that individual's consent. The court held that the penalty-fee provision was not a restrictive covenant because, like the case here, the employee was free to go to work with a wide range of employers (just not the one customer), and even the one restricted-customer was free to hire the employee (so long as the customer paid the fee). *H & M Com. Driver Leasing, Inc.*, 209 Ill. 2d at 64.

The court in *H&M Commercial Driver* relied in large part on the reasoning of the Virginia Supreme Court in *Therapy Servs., Inc. v. Crystal City Nursing Ctr., Inc.*, 239 Va. 385, 389 S.E.2d 710 (1990). "Although the provision in question involves an employee's ability to secure future employment, it is neither a covenant not to compete nor a restrictive covenant between employer and employee. It is a contract between two businesses wherein one business agrees to provide rehabilitative services to patients of the other." *Therapy Servs., Inc.*, 239 Va. at 388 (1990); See also, *Omni Consulting Grp., Inc. v. Pilgrim's Pride Corp.*, 488 F. App'x 478, 480 (2d Cir. 2012) (finding agreement not a restrictive covenant in an employment contract; "Here the parties simply agreed not to hire away employees from one another."); *E & S Medical Staffing Services, Inc. v. Kaaterskill*

DEFENDANT'S MOTION TO DISMISS - 8
2:23-CV-00233-TL

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

*Operating, LLC*, No. 008084/2017, 2018 WL 11244624, at *1 (N.Y. Sup. Ct. Oct. 15, 2018) (finding fee arrangement enforceable because "this case does not involve a restrictive covenant in an employment agreement, and the public policy considerations bearing on enforcement of restrictive covenants in employment agreements are simply inapplicable to fee arrangements between employment agencies [] and employers").

Consistent with the reasoning adopted in other courts, the Placement Fee Provision between Bright Horizons and its customers is not a restrictive covenant in an employment contract and so falls outside of Washington's noncompete statute. Plaintiff offers no facts that the Placement Fee is in any way constitutes or is related to an employment contract with Bright Horizons. Her legal conclusion does not constitute a fact and should not pass summary judgment. See *Twombly*, 550 U.S. at 555 (plaintiff must provide "more than labels and conclusions").

**B. The Complaint Does Not Contain Facts To Support A Claim For Violation Of The Consumer Protection Act.**

Plaintiff next claims that Defendant violated the Washington Consumer Protection Act, because she claims that Defendant's Placement Fee Provision was "immoral, unethical, oppressive, or unscrupulous." *See* Complaint at ¶ 52. She further alleges that "Defendant's maintenance of an illegal and void noncompetition covenant that it did not disclose to Plaintiff before she accepted employment is a deceptive practice under Washington law…" *See* Complaint at ¶ 53. To maintain a claim under the CPA, plaintiff must prove: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) impact on public interest; (4) injury to plaintiff in her business or property, and (5) causation. *Stephens v. Omni Ins. Co.*, 159 P.3d 10, 18 (2007) (citing *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 719 P.2d 531 (1986)). Plaintiff fails to assert facts to establish that the (1) customer agreement is deceptive or otherwise unfair, or (2) that the customer agreement has injured plaintiff in her business or property.

//

DEFENDANT'S MOTION TO DISMISS - 9
2:23-CV-00233-TL

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1. **The Complaint Does Not Establish That Defendant Engaged In Any Unfair Or Deceptive Practice.**

Plaintiff's CPA claim fails because she asserts no unfair or deceptive practice that harms the consumer – i.e. the families who place their children in the care of Bright Horizons. Instead, Plaintiff alleges that the Placement Fee deceives potential employee childcare workers when they accept employment at Bright Horizons. Complaint at ¶¶ 27, 53. The purpose of the CPA is to protect the public. RCW § 19.86.920; *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 604 (2009). Deception exists if there is a representation, omission or practice that is likely to mislead a reasonable consumer. *Eng v. Specialized Loan Servicing*, 20 Wn. App. 2d 435, 445–46 (2021). Whether particular actions are deceptive is reviewable as a question of law. *Leingang v. Pierce County Medical Bureau,* 930 P.2d 288 (1997). As outlined above, the Placement Fee Provision is not a noncompetition covenant, and places no restrictions on Defendant's employees.  Instead, the only restrictions are placed on Defendant's customers, and there is no allegation that those customers could be deceived by the Placement Fee Provision. Plaintiff's CPA lacks a cognizable legal theory and must be dismissed. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017).

2. **Plaintiff's Complaint Also Fails To Provide Facts Of Any Injury She Suffered As A Result Of The Alleged Deceptive Act.**

To assert a valid claim under the CPA, a Plaintiff must allege that she suffered a specific injury to her business or property.  Even though the injury need not be great, it must exist in fact. A plaintiff must suffer injury to his "business or property" in order to recover under the Consumer Protection Act. *Keyes v. Bollinger*, 640 P.2d 1077, 1083 (1982). If he suffers injury other than to his "business or property", the injury is not compensable under the Act. *Id*. at 1084. Plaintiff pleads no injury to a business or property proximately caused by Defendant's Placement Fee Provision. Plaintiff's Complaint alleges, without factual support, that "Plaintiff has suffered an injury in fact and lost money. Plaintiff was paid less than she would have been for her childcare services in the absence of Bright Horizons' unfair and deceptive practices." Complaint at ¶ 55.  The Complaint

DEFENDANT'S MOTION TO DISMISS - 10
2:23-CV-00233-TL

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

includes a single assertion regarding Plaintiff's pay.  *See* Complaint at ¶ 26 (asserting that Plaintiff made $18/hr in 2019, and $20/hr in 2021).  It includes no assertions regarding Plaintiff's efforts to increase her pay and makes no assertions regarding the factual mechanism by which her pay was depressed because of the presence of the Placement Fee Provision.  The closest she comes is her admitted speculation that "the families for whom she was providing care *would likely not be able* to hire her for permanent positions" because of the placement fee.  Complaint at ¶ 32 (emphasis added).  Even if this were true, there is no assertion that these families would be able to pay her more than $20/hr full time.  Simply put, Plaintiff has failed to assert facts to support her conclusory statement that "she was paid less than she would have been for her childcare services in the absence of Bright Horizons' unfair and deceptive practices."  Complaint at ¶ 55.

**C. Plaintiff's Claim for Declaratory Relief Fails Because She Has Not Suffered Injury.**

Plaintiff's claim for declaratory relief fails because she does not have standing or injury to bring this claim. The Placement Fee Provisions appears in the Enrollment Agreement between Bright Horizons and its customers. *See* Complaint at ¶ 16.  Plaintiff was not a party to this contract, and has no standing pursuant to the contract.

Instead, a party bringing a declaratory judgment claim must show that under all the circumstances, there is an actual or imminent injury that was caused by the opposing party, is redressable by judicial action, and is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1039 (W.D. Wash. 2019) (citing *Multimedia Patent Tr. v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1218 (S.D. Cal. 2007)). Nowhere in the Complaint does Plaintiff allege that Bright Horizons sought to enforce the Placement Fee Provision. Accordingly, Plaintiff has not alleged an actual case or controversy arising from Bright Horizons attempting to enforce the Placement Fee Provision. Instead, Plaintiff's dispute with Bright Horizons appears to arise from the shadow of the Placement Fee hanging over families that prevents them from employing Plaintiff directly. *See* Complaint at ¶ 32 ("Ms. Rutter also knew that

DEFENDANT'S MOTION TO DISMISS - 11
2:23-CV-00233-TL

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

the families for whom she was providing care would likely not be able to hire her for permanent positions because of the noncompetition covenant and the $5,000 penalty.") Because Plaintiff's dispute is not tied to any actual dispute between Bright Horizons and a family that she has worked with and does not rest on any concrete injury that is cognizable, it is not ripe for adjudication. *Khalid*, 409 F. Supp. 3d at 1040 (citing *Lee v. Capital One Bank*, No. C07-4599-MHP, 2008 U.S. Dist. LEXIS 17113, at *4 (N.D. Cal. Mar. 5, 2008) ["Plaintiff's claim does not present a "Case" or "Controversy" because the allegedly unconscionable provisions in the Agreement have not been implicated in an actual dispute."]; *Lee v. Am. Express Travel Related Servs.*, No. C 07-04765-CRB, 2007 U.S. Dist. LEXIS 97171, at *5 (N.D. Cal. Dec. 6, 2007) (Denying standing where plaintiffs claimed injury by mere existence of unconscionable terms in contract, but terms not implicated in actual dispute). As the request for declaratory relief is not ripe for adjudication, her claim should be dismissed.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully moves that the Court dismiss Plaintiff's claim against Bright Horizons with prejudice.

Dated this 28th day of February, 2023

/s/ Derek Bishop
Derek Bishop, WSBA #39363
debishop@littler.com
Rebecca Schach, WSBA #58018
rschach@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Telephone:      206.623.3300
Facsimile:      206.447.6965
Attorneys for Defendant

DEFENDANT'S MOTION TO DISMISS - 12
2:23-CV-00233-TL

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, Washington 98101.  I hereby certify that on February 28, 2023, I electronically filed the foregoing **DEFENDANT'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Beth E. Terrell, WSBA #26759
Toby J. Marshall, WSBA #32726
Elizabeth A. Adams, WSBA #49715
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th St., Suite 300
Seattle, WA 98103
Tel: 206-816-6608
Fax: 206-319-5450
bterrell@terrellmarshall.com
tmarshall@terrellmarshall.com
eadams@terrellmarshall.com

David Seligman, pro hac vice pending
Juno Turner, pro hac vice pending
Valerie Collins, pro hac vice pending
TOWARDS JUSTICE
P.O. Box 371680
PMB44465
Denver, CO 80237
Tel: 720-441-2236
david@towardsjustice.org
juno@towardsjustice.org
valerie@towardsjustice.org

I certify under penalty of perjury under the laws of the United States and of the State of Washington that the foregoing is true and correct.

Executed on February 28, 2023, at Seattle, Washington.

*/s/ Katie Angelikis*
Katie Angelikis
kangelikis@littler.com
**LITTLER MENDELSON, P.C.**

4887-8045-7038.5 / 050113-1085

DEFENDANT'S MOTION TO DISMISS - 13
2:23-CV-00233-TL

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300